**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN PHILLIP CASS,**

                    **Plaintiff,**

    **vs.**                                                           **6:14-CV-1509**

                                                                       **(MAD/ATB)**

**CAROLYN W. COLVIN,**
*Commissioner of the Social Security Administration*,

                    **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**     **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **VERNON NORWOOD, ESQ.**
Office of General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 13, 2011, Plaintiff Brian Phillip Cass ("Plaintiff") protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"), alleging a disability onset date of June 15, 2001. *See* Administrative Transcript ("T.") at 12. The Commissioner of the Social Security Administration ("Commissioner") denied Plaintiff's initial claims on February 6, 2011. *See* T. at 75-76. Plaintiff then requested a hearing before Administrative Law Judge Sandra D. Lord ("ALJ"), which took place on April 11, 2013.

*See id.* at 26-74. On May 22, 2013, the ALJ issued a decision denying Plaintiff's applications. *See id.* at 9-25. Plaintiff thereafter requested an Appeals Council review, which was denied on October 17, 2014, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1-6.

On December 12, 2014, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. The case was then referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). On January 21, 2016, Magistrate Judge Baxter recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's complaint. *See* Dkt. No. 13 at 27. Currently before the Court are Magistrate Judge Baxter's January 21, 2016 Report-Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 13, 14.

## II. BACKGROUND

The Court accepts and adopts the factual background as set forth in the Report-Recommendation to the extent that Plaintiff has not objected to any facts relevant to the following discussion. *See* Dkt. No. 13 at 4-6.

## III. DISCUSSION

**A.    Standard of Review**

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). However, when a party fails to make specific objections or simply reiterates arguments already considered in the report and recomendation, the

court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Here, Plaintiff's objections generally repeat two of the same arguments raised in his initial brief, thus, the entire Report-Recommendation will be reviewed for clear error. *See* Dkt. No. 11 at 1; Dkt. No. 14 at 1. First, Plaintiff objects to Magistrate Judge Baxter's finding that substantial evidence supported the ALJ's step-three determination that Plaintiff's mental impairments did not

meet or medically equal the listed impairments. *See* Dkt. No. 14 at 1-3. Specifically, Plaintiff contends that "[t]he evidence relied upon by the ALJ is selective and not substantial." *Id.* at 3. Second, Plaintiff objects to Magistrate Judge Baxter's finding that the ALJ's residual functional capacity ("RFC") determination properly weighed the medical opinion evidence and was supported by substantial evidence. *See id.* at 4; Dkt. No. 13 at 7. In particular, Plaintiff argues that the ALJ improperly "accorded greater weight to the opinions of a state agency non-examining physician of unknown qualification who admittedly based his/her opinions on nothing." Dkt. No. 14 at 6.

**B.    Severity of impairments**

Citing Plaintiff's function report and hearing testimony, the ALJ found that Plaintiff had mild restrictions in daily living. *See* Dkt. No. 13 at 9-10; T. at 15-16. The ALJ further considered Dr. Stang's March 2013 opinion and Plaintiff's testimony to determine that he had moderate difficulties in social functioning, mild difficulties in concentration, persistence or pace, and no episodes of decompensation. *See* Dkt. No. 13 at 10-11; T. at 15-16. Plaintiff argues that the ALJ's "selective and cursory review of the plaintiff's symptoms was inadequate and not substantial." Dkt. No. 14 at 4.

In supporting her decision with substantial evidence, the ALJ cannot pick and choose only the parts of the record that support her determination without affording consideration to the evidence supporting Plaintiff's claim. *See Credle v. Astrue*, No. 10-CV-5624, 2012 WL 4174889, \*17 (E.D.N.Y. Sept. 19, 2012) (citing *Stewart v. Astrue*, No. 10-CV-3032, 2012 WL 314867 (E.D.N.Y. Feb. 1, 2012)). The ALJ may consider data provided by physicians to help reach her own conclusions as to whether the medical evidence supports a finding of disability. *See id.*, at \*18 (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)). To the extent that any medical

4

provider's reports are inconsistent, the ALJ is empowered to resolve the conflicts in the evidence. *See Netter v. Astrue*, 272 Fed. Appx. 54, 56 (2d Cir. 2008) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). The ALJ's decision need not reconcile every shred of evidence in the record. *See Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 78-79 (N.D.N.Y. 2005) (citations omitted).

In rendering her decision, the ALJ provided an in depth explanation of the specific evidence relied upon, its source, and, where appropriate, the reasons why conflicting evidence was resolved in a particular direction. *See* T. at 15-16. Specifically, after considering Dr. Stang's opinion that Plaintiff had marked limitations in social functioning, the ALJ decided to discredit this determination because "[t]he evidence and the claimant's statements reflect a moderate limitation in this functional area." *See id.* It is permissible for the ALJ to exercise this level of discretion so long as the record clearly states that the ALJ also considered the unfavorable evidence. *See Credle*, 2012 WL 4174889, at *17. Accordingly, Magistrate Judge Baxter properly concluded that the ALJ's step-three determination was supported by substantial evidence. *See* Dkt. No. 13 at 12.

**C.     Assessment of medical evidence**

The ALJ found that Plaintiff possessed the RFC to "perform a full range of work at all exertional levels[,]" but was "limited to performing simple, routine, and repetitive tasks . . . not at a production rate (an assembly line) pace." T. at 16. The ALJ found that Plaintiff was limited to "simple work-related decisions," and can "occasionally respond appropriately to supervisors and coworkers but never to the public." *Id.* In reaching this conclusion, the ALJ gave "great weight" to state agency psychiatric consultant, Dr. M. Totin's opinion that Plaintiff could perform low contact work, finding that it was "consistent with the medical evidence." *See id.* at 19.

5

Plaintiff argues that Magistrate Judge Baxter "incorrectly concluded" that the ALJ properly assigned great weight to Dr. Totin's opinion. *See* Dkt. No. 14 at 6. Plaintiff contends that Dr. Totin failed to provide a factual basis for his conclusion, *see id.* at 5, and that the ALJ should have instead given great weight to the March 2013 medical source statement by Dr. Stang, who had commenced a treating physician relationship with Plaintiff in March of 2012, *see* Dkt. No. 13 at 17.

Magistrate Judge Baxter found Plaintiff's arguments unpersuasive because Dr. Totin cited "[Dr. Stang's] 2011 consultative exam and plaintiff's description of his own symptoms as the basis for his opinion." *See id.* at 16. Magistrate Judge Baxter further found that the ALJ did not err in assigning minimal weight to Dr. Stang's 2013 opinion because that opinion was inconsistent with the consultative exam and the rest of the record. *See id.* at 18.

"Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . ." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal and other citations omitted). The ALJ must properly analyze the reasons that the report is rejected, *see id.* at 32-33, and may not arbitrarily substitute her own judgment for competent medical opinion, *see Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citations ommitted).

Here, substantial evidence supported Dr. Totin's conclusion that Plaintiff could perform low contact work because, as discussed above, it was based on Plaintiff's 2011 consultative exam and his own description of his symptoms. *See* Dkt. No. 13 at 16. This report differs from Dr. Stang's 2013 opinion regarding Plaintiff's abilities, wherein he described marked and extreme limitations in a number of categories. *See* T. at 348-50. As Dr. Stang's 2013 opinion is

6

inconsistent with other substantial evidence in the record, Magistrate Judge Baxter properly found that it is not entitled to controlling weight. Further, the ALJ properly described the reasons that the 2013 report was rejected. *See*. T. at 19. After describing the contents of the two opinions, the ALJ explained that the statements would receive minimal weight because "they contradict each other," and the record evidence does not explain "how the claimant's conditions devolved between December 2011 and March 2013." *See id.* As such, Magistrate Judge Baxter correctly concluded that "the ALJ appropriately evaluated the conflicting medical evidence, and made an RFC finding that was consistent with the overall record." Dkt. No. 13 at 19.

## IV. CONCLUSION

Having reviewed Magistrate Judge Baxter's January 21, 2016 Report-Recommendation, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Baxter correctly recommended that the ALJ's decision be affirmed and this case be dismissed. As Magistrate Judge Baxter found, the ALJ's determination that Plaintiff was not disabled from June 15, 2001 through the date of the decision was supported by substantial evidence and applied the correct legal standards.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's January 21, 2016 Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge